UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eugene P. Harrison, | ) | C/A No. 3:10-2642-RMG-BM |
|            Plaintiff, | ) ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| Sgt. Det T. Brown; Sgt. Robert Burnish; Cpl. Jerry Kelly; Simon Major; Jon Ozmint; Sumter County Sheriff Dept.; Sumter Lee Detention Center; SCDC Commissioner; South Carolina Dept. of Correction, | ) ) ) ) ) | FOR PARTIAL DISMISSAL |
|            Defendants. | ) ) | |

The plaintiff, Eugene P. Harrison ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915, and thus the action is subject to review pursuant to 28 U.S.C. § 1915(e)(2)(B). Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings pursuant to the procedural provisions of 28 U.S.C. § 1915, which has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law



or in fact."; *Denton v. Hernandez*, 504 U.S. at 31 (1992); and under 28 U.S.C. § 1915(e)(2)(B), and a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. at 319.

Plaintiff filed an Amended Complaint on December 9, 2010, which adds the Sumter County Sheriff's Department, Sumter Lee Detention Center, South Carolina Department of Corrections ("SCDC"), and SCDC Commissioner as Defendants in this action. As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even when considered under this less stringent standard, however, for the reasons set forth hereinbelow the Defendants added in the Amended Complaint are subject to summary dismissal as parties in this case. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## DISCUSSION

First, the Sumter Lee Detention Center is a group of buildings or facility. Inanimate objects - such as buildings, facilities, and grounds - do not act under color of state law. Hence, the Sumter Lee Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Auth.,* 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person

2



amenable to suit."); *Cf. Roach v. West Virginia Regional Jail and Correctional Facility*, 74 F.3d 46, 48 (4th Cir. 1996). Therefore, the Sumter Lee Detention Center should be dismissed as a Defendant in this case.

The remaining added Defendants: the Sumter County Sheriff's Department, South Carolina Department of Corrections, and SCDC "Commissioner", are all protected from suit brought pursuant to § 1983 by the Eleventh Amendment, which forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974).[1] State agencies and state instrumentalities, such as the SCDC, SCDC "Commissioner," and a South Carolina Sheriff's Department, share this immunity when they are the alter egos of the state. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997). In South Carolina, a sheriff's department is an agency of the State of South Carolina, not a department under the control of the county. *See Gulledge v. Smart*, 691 F. Supp. 947, 954-55 (D.S.C. 1988)(discussing sheriff as agent and alter ego of state and that deputy sheriffs act as the sheriff's agent); *Carroll v. Greenville County Sheriff's Dep't,* 871 F. Supp. 844, 846 (D.S.C. 1994) (suit against the sheriff's office is suit against the state). Hence, as an agency of the state, the Sumter County Sheriff's Department is immune from suit under the Eleventh Amendment. *Stewart v. Beaufort County*, 481 F.Supp.2d. 483, 492 (D.S.C. 2007)("[A] federal court lacks jurisdiction to hear a cause of action against a South Carolina Sheriff's Department, as such a suit is barred by state immunity."). The South Carolina Department of Corrections is clearly an agency of the State of

---

[1] The Eleventh Amendment also bars this Court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996)("the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment").



South Carolina, and the "SCDC Commissioner," liberally construed to be the SCDC Director,[2] is a state official who in his official capacity is protected by Eleventh Amendment immunity.[3]

In *Will v. Michigan Department of State Police*, 491 U.S. 58, 70 (1989), the United States Supreme Court found that a state, including state agencies, divisions, departments, and officials, are entitled to Eleventh Amendment immunity in the absence of consent to suit or Congressional action. The Supreme Court held that

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity [cites omitted] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

*Id*. at 66. The Eleventh Amendment confirmed the constitutional principle of sovereign immunity, which pre-dates the Amendment. *See Alden v. Maine*, 527 U.S. 706, 728-29 (1999). While a state's consent to suit in federal court serves to waive the state's sovereign immunity, *Lapides v. Board of Regents*, 535 U.S. 613 (2002); the State of South Carolina has not provided such consent. *See* S.C. Code Ann. § 15-78-20(e). Further, while the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U.S. 332, 334 (1979). Therefore,

---

[2] Prior to 1993, the Code of Laws of the State of South Carolina vested exclusive authority to manage prisons in the State Board of Corrections and the Commissioner of the SCDC. *See* S.C. Code Ann. § 24-1-130, § 24-1-140, § 24-3-20, and § 24-3-30 (1992). Although the South Carolina Restructuring Act of 1993, 1993 S.C. Acts 193, effective July 1, 1993, abolished the State Board of Corrections, it did not abolish the duties of the Commissioner, who is now called the "Director." *See* S.C. Code Ann. § 24-1-40.

[3] Plaintiff may, however, sue the Director of the SCDC under § 1983 in his individual capacity, which Plaintiff has done, as SCDC Director Jon Ozmint is already named as a Defendant in the case.

4



the Eleventh Amendment bars Plaintiff from suing the Defendants Sumter County Sheriff's Department, South Carolina Department of Corrections, and "SCDC Commissioner," each of which should be dismissed as a party Defendant in this case.

## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss the Defendants Sumter Lee Detention Center, Sumter County Sheriff's Department, SCDC Commissioner, and South Carolina Department of Corrections as parties to this action, without service of process.

**Plaintiff's attention is directed to the notice on the following page.**

_____
Bristow Marchant
United States Magistrate Judge

January 7, 2011
Charleston, South Carolina

5



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



6