IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugene P. Harrison,<br>  Plaintiff,<br><br>  vs.<br><br>Sgt. Det T. Brown; Sgt. Robert Burnish;<br>Cpl. Jerry Kelly; Simon Major; Jon Ozmint;<br>Sumter County Sheriff Dept.; Sumter Lee<br>Detention Center; SCDC Commissioner;<br>South Carolina Dept. Of Correction,<br><br>  Defendants. | Case No. 3:10-2642-RMG-BM<br><br>**ORDER** |

This is a *pro se* complaint seeking relief pursuant to 42 U.S.C. § 1983. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. Plaintiff files this action *in forma pauperis* and thus the action is subject to review pursuant to 28 U.S.C § 1915 (e)(2)(B). Plaintiff filed an Amended Complaint on December 9, 2010, which added the Sumter County Sheriff's Department, Sumter Lee Detention Center, South Carolina Department of Corrections, and SCDC Commissioner as Defendants in this action. The Magistrate Judge has issued a Report and Recommendation that the Court dismiss the above said Defendants as parties to this action, without service of process. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. While the Plaintiff has not filed a document labeled "objections", he has filed numerous documents since the issuance of the R&R. (Dkt. Nos. 30, 31, 32, & 33). The Court has construed this documents as Plaintiff's objection to the recommendation

that his case be dismissed and this Court has thus reviewed the Record in this matter *de novo*. As explained herein, this Court agrees with the Report and Recommendation and dismisses the Sumter County Sheriff Dept., Sumter Lee Detention Center; SCDC Commissioner, and South Carolina Department of Corrections as Defendants.

## LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

As directed by the Fourth Circuit, this Court may only consider objections to the Report and Recommendation that direct this Court to a *specific* error. As stated above, this Court has reviewed the Record *de novo*. First, the Sumter Lee Detention Center is an inanimate object that can not act under color of state law and therefore is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore

not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294,1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); *Cf. Roach v. West Virginia Regional Jail and Correctional Facility*, 74 F.3d 46,48 (4th Cir. 1996). Therefore, the Sumter Lee Detention Center should be dismissed as a Defendant.

The remaining added Defendants: the Sumter County Sheriff's Department, South Carolina Department of Corrections, and SCDC "Commissioner", are all protected from suit brought pursuant to § 1983 by the Eleventh Amendment, which forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The United States Supreme Court has found that a state, including state agencies, divisions, departments, and officials, are entitled to Eleventh Amendment immunity in the absence of consent to suit or Congressional action. *Will v. Michigan Department of State Police*, 491 U.S. 58, 70 (1989). The State of South Carolina has not provided such consent (*See* S.C.Code Ann. § 15-78-20(e)); and Congress has not overridden the state's Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U.S. 332, 334 (1979).

Based on the above authority and the Record in this matter, the Court adopts the Magistrate's Report and Recommendation. Thus, this Court dismisses Defendants Sumter Lee Detention Center, Sumter County Sheriff's Department, SCDC Commissioner, and South Carolina Department of Corrections as parties to this action, without service.

## CONCLUSION

After a *de novo* review of the record, magistrate judge's Report and Recommendation, Plaintiff's recent filings, and the relevant case law, this Court finds that the magistrate judge applied

sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate judge's Report and Recommendation in its entirety as the Order of this Court and the above said Defendants' are **DISMISSED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

January 27, 2011
Charleston, South Carolina