IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Eugene P. Harrison, | ) | |
| | ) | Civil Action No. 3:10-2642-RMG-BHH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Sgt. Det. T. Brown, Sgt. Robert Burnish | ) | |
| Cpl. Jerry Kelly, Simon Major, Jon | ) | |
| Ozmint, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, proceeding *pro se*, seeks relief pursuant to Title 42, United States

Code, Section 1983 and possibly various state law claims. This matter is before the Court

on the defendants' respective motions for summary judgment [Doc. 66, 67] and the

plaintiffs's motion to voluntarily dismiss certain defendants [Doc. 76]. He has subsequently

withdrawn that motion. [Doc. 79.]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B),

and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all

pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit

findings and recommendations to the District Court.

## FACTS PRESENTED

The plaintiff, Eugene Harrison, alleges he was pulled over by Sergeant Trevor

Brown on August 6, 2010 without violating a traffic law. (Compl. at 3.) He alleges during

this stop Defendant Brown told him to exit the vehicle and he was placed under arrest pursuant to a bench warrant. *Id*. The plaintiff's principal allegation is that the warrant had already been satisfied and, therefore, that the arrest was invalid. The plaintiff asserts that Defendant Corporal Jerry Kelly identified him at the scene and Defendant Detective Robert Burnish searched his car. *Id*. Finally, with regards to the stop, the plaintiff complains that his car was towed. *Id*.

After his arrest, the plaintiff was taken to the Sumter-Lee Regional Detention Center (SLRDC), where he appears to allege a female officer altered his record at the jail. *Id*. at 4. With the regards to his incarceration at the SLRDC, he alleges he was ignored by Defendant Simon Major. *Id*. The plaintiff asks the Court to terminate the employment of Defendants Brown, Burnish, Kelly and Major and award him damages.

## APPLICABLE LAW

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored

2

information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion.  *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of

summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## DISCUSSION

The plaintiff has implied various causes of action in his Complaint, to which the defendant anticipatorily argues dismissal on summary judgment.  But, in response, the plaintiff has made a brief showing only in regards to allegations concerning the propriety of his arrest on a bench warrant, which he contends was invalid.  The Court considers any other possible claims as either abandoned or simply unsupported by admissible evidence sufficient to demonstrate issues of fact remaining for trial.  *See* Fed. R. Civ. P. 56.  As to the Section 1983 false arrest cause of action, not only is there no colorable claim as far as the Court can determine but the plaintiff's own evidence supports the defendants' version of the account and flatly refutes his own.

**I.     False Arrest**

Between his Complaint and his response to summary judgment, the plaintiff appears to plead, in the least, a claim for false arrest (Compl. at 4, 6), pursuant to 28 U.S.C. § 1983.  As stated, the plaintiff alleges that he was wrongfully arrested on what he claims was a previously satisfied warrant.

**A.     False Arrest**

A claim that a *warrantless* arrest is not supported by probable cause constitutes a cause of action for false arrest as opposed to malicious prosecution.  *See Brooks v. City*

4

*of Winston-Salem*, 85 F.3d 178, 181 (4th Cir.1996).  As a result, a false arrest claim must fail where it is made "pursuant to a facially valid warrant."  *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *see also  Brooks*, 85 F.3d at 181.  It is undisputed that the plaintiff's arrest was made pursuant to a facially valid warrant.  (See Pl. Aff. Attach 8624-C-002.)  In his response to summary judgment, the plaintiff has not challenged either the fact that a magistrate issued a warrant for his arrest or that it was facially valid.  In fact, he has confirmed that a warrant was so issued and that he was arrested pursuant to it.  *Id.*; (Pl. Resp. at 1.)  There are no issues of fact as to the facial validity of the warrant; it is without apparent defect.  At summary judgment, none has even been offered.

Although not revisited in his response brief, the plaintiff, in his Complaint, alleges that there is no "Magistrate printed name or judge code no. to identify that judge."  (Compl. at 2.)  Of course, both warrants at issue are plainly signed and the plaintiff has not put forward any credible evidence that the signatures are anything other than those of sitting magistrates or that more was legally required.  (See E. Harrison Aff. Attach. 8624-E-0011, 8624-C-002.)

Most damning to the plaintiff's claim is that his version of the case is belied by these same warrants, even as he would physically proffer them to the Court.  Namely, he repeatedly contends that he served time for the warrant upon which he was arrested by the defendant, thus satisfying it. The defendants have submitted evidence that the plaintiff had previously served time for writing bad checks; however, as the plaintiff himself

concedes (C. Harrison Aff. ¶ 6), the plaintiff was placed on a payment plan upon his release from incarceration, and he ultimately stopped paying under the plan as required (Brown Aff. ¶ 6). That failure to pay precipitated a second warrant for failure to comply with a Court order. (Pl. Aff. Attach. 8624-C-002.)

The two warrants submitted by the plaintiff confirm this very thing. The original warrant, issued on September 1, 2005 was for a "Fraudulent Check(s)" conviction in Summary Court. (Pl. Aff. Attach. 8624-E-0011.) The warrant, at issue in this case, which the plaintiff was later arrested on, was issued April 10, 2006 for a failure "to comply with the order of the Court," specifically, "scheduled time payment revoke for nonpayment." *Id.* 8624-C-002. They are two distinct documents, one for conviction and one for failure to comply with the Order of conviction. They are not for the same incident and, in keeping with the defendants' evidence, seem to reflect a failure to pay under the plan.

Frankly, the undersigned is confused as to how the plaintiff thinks he should prevail. Even if he were merely disputing the accounting of his payments under the plan, this could not possibly justify any allegations against the defendants for executing an otherwise facially valid warrant and certainly could never justify the plaintiff's claim that they were somehow reexecuting a previously satisfied warrant. They are plainly distinct.

It is simply not the duty of the arresting officer to assess guilt or innocence, but merely to serve the warrant. *Campbell v. Fitzsimmons*, 2010 WL 985331, at *3 (D.S.C. February 01, 2010). The United States Supreme Court has phrased it this way:

> A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury.

*Baker v. McCollan*, 443 U.S. 137, 145-46 (1979).  The plaintiff has not created any issues of fact as to a false arrest claim.

## B.   Malicious Prosecution

Likewise, the plaintiff could not prevail on any "cause of action for malicious prosecution" based on an alleged lack of probable cause for seeking and issuing the warrant in the first instance.  *Porterfield*, 156 F.3d at 568; *see also Brooks*, 85 F.3d at 181 ("However, allegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued, are analogous to the common-law tort of malicious prosecution.")

To prevail on a claim for malicious prosecution against the defendants, the plaintiff must demonstrate that the magistrate judge did not have probable cause to issue the arrest warrant and that the arresting officer should have known that such cause was lacking when the warrant was requested.  *See id.*  A Section 1983 claim for malicious

7

prosecution incorporates the common law elements of that same cause. *See Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005). That does not mean, however, that the plaintiff must satisfy the specific elements of a South Carolina state cause of action for malicious prosecution. *See id; Lambert v. Williams*, 223 F.3d 257, 261-62 & n.2 (4th Cir. 2000). To say that a Section 1983 claim incorporates the common law elements is to simply require "that the defendant have 'seized [plaintiff] pursuant to legal process that was not supported by probable cause and that the criminal proceedings [have] terminated in [plaintiff's] favor.'" *Burrell*, 395 F.3d at 514 (quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183-84 (4th Cir.1996)). In fact, other more specific elements, such as malice, have been expressly rejected as not a part of the showing necessary to establish a Section 1983 malicious prosecution claim. *See Lambert*, 223 F.3d at 262 n.2 (4th Cir. 2000) (quoting *Brooks*, 85 F.3d at 184 n.5) ("We found, for instance, that malice was not an element of the § 1983 claim since the reasonableness of a seizure under Fourth Amendment jurisprudence 'should be analyzed from an objective perspective.'"). The Fourth Circuit has emphasized that "although we styled the claim as a § 1983 malicious prosecution claim and incorporated common law elements, we did not treat the claim as separate and distinct from the appellant's constitutional allegations." *Id.* at 261-62. Rather, "the foundation for [a malicious prosecution] claim was 'a seizure that was violative of the Fourth Amendment.'" *Id.* at 262.

8

Accordingly, the plaintiff is only required to demonstrate that (1) he was arrested pursuant to a warrant not supported by probable cause and (2) that the criminal proceedings against him terminated in his favor. *See Burrell*, 395 F.3d at 514. The plaintiff has not satisfied these elements. The affidavit of his wife attempts to show payment in full, which might theoretically remove probable cause for the second warrant. (C. Harrison Aff. Attach. 9-10.) Although the Court does not interpret them as evidencing full payment, they are unclear at best and so there is some issue of fact about them. *Id.*

As far as the Court has been informed, however, the plaintiff certainly cannot satisfy the second element of his claim. Regardless of whether he can create a genuine issue of fact as to whether the magistrate judge had probable cause to issue the warrant in the first instance, the plaintiff has not created any issue of fact as to whether the criminal proceedings against him were terminated in his favor – in other words a determination that he had paid in full under the plan. *See id.* His claim, therefore, should be dismissed. *See Nicholas v. Wal-Mart Stores, Inc.*, 33 Fed.Appx. 61, 64 (4th Cir. 2002)

The second element of the malicious prosecution claim is an inquiry as to whether the outcome of the prosecution was favorable to the plaintiff by virtue of a not-guilty verdict or otherwise. *See DiBlasio v. City of New York*, 102 F.3d 654, 657-658 (4th Cir. 1996.) The plaintiff has made no argument in this respect. Accordingly, any malicious prosecution claim should be dismissed. *See Burrell*, 395 F.3d at 514; *Nicholas.*, 33 Fed. Appx. at 64.

9

As stated, any other alleged claims of the Complaint have not been pursued, whether for the traffic stop, itself, or subsequent deliberate indifference or an unreasonable seizure of his vehicle.  The plaintiff has also not advanced arguments or evidence supporting supervisory liability for any defendants.  He could not; there is no evidence of underlying offense.

## II.    State Law Claims

Having dismissed the plaintiff's federal claim against the defendants, the court declines to exercise jurisdiction over whatever state law claims the plaintiff may have against the defendants.    *See* 28 U.S.C. § 1367(c); *see, e.g., Patterson v. City of Columbia*, 2003 WL 23901761, at *5 (D.S.C. Dec 29, 2003) ("Patterson has raised various state law claims against all Defendants. Because the federal claims must be dismissed, the court declines to exercise jurisdiction over the remaining state law claims.")  Thus, the state law claims, if any, are dismissed without prejudice for refiling in state court.

## CONCLUSION

Wherefore, it is RECOMMENDED that the Defendants' Motions for Summary Judgment [Doc. 66, 67] be GRANTED and the entire case dismissed against all defendants.  The plaintiff's motion to dismiss [Doc. 76] should be withdrawn or otherwise DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

December 21, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).