IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugene P. Harrison, ) | 2012 JAN 24 A 10: 47 |
| ) | |
| Plaintiff, ) | Civil Action No.: 3:10-cv-2642-RMG |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Sgt. Det. T. Brown, Sgt. Robert Burnish, ) | |
| Cpl. Jerry Kelly, Simon Major, Jon Ozmint ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff brings this *pro se* action seeking relief pursuant to U.S.C. § 1983 and various state law claims. Plaintiff asserts false arrest and malicious prosecution through his arrest pursuant to an outstanding bench warrant. The matter was referred to the United States Magistrate Judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. The Magistrate Judge issued a Report and Recommendation that Defendants' Motions for Summary Judgment should be granted. (Dkt. No. 81). Plaintiff has filed objections, additional objections and final objections to the Report and Recommendation. (Dkt. Nos. 83, 84 and 85). Plaintiff has failed to specifically object to the Report and Recommendation as he has simply restated the same arguments presented to the Magistrate Judge in opposition to the motions and in his complaint. As explained herein, this Court adopts the Report and Recommendation and grants Defendants' motions for summary judgment.

**LAW/ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific

objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

As directed by the Fourth Circuit, this Court may only consider objections to the Report and Recommendation that direct this Court to a *specific* error. All of Plaintiff's "objections" merely rehash the same arguments presented in his filings related to summary judgment. (*See* Dkt. Nos. 83, 84, 85 *compare with* Dkt. No. 77). Nonetheless, this Court has conducted a *de novo* review of the Record, the briefings before the Court, and considered Plaintiff's objections. The Magistrate Judge's Report and Recommendation provides a comprehensive factual background and this Court incorporates it by reference with this Order. (Dkt. No. 81). Plaintiff's claims are addressed briefly below.

Plaintiff appears to claim that he was falsely arrested because he was allegedly arrested pursuant to a previously satisfied warrant. A false arrest claim must fail where it is made "pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998). As the Magistrate Judge has elucidated, there are no issues of fact as to the facial validity of the warrant. Moreover, "it is not the duty of the arresting officer to assess guilt or innocence, but merely to serve the warrant." *Campbell v. Fitzsimmons*, 2010 WL 985331, at *3 (D.S.C. February 1, 2010). Because there are no issues of fact as to Plaintiff's false arrest claim, Defendants' motions for summary judgment as to this claim should be granted.

Further, Plaintiff has also failed to create an issue of fact as to his malicious prosecution claim. A malicious prosecution claim requires that a plaintiff demonstrate that the magistrate judge did not have probable cause to issue the arrest warrant and that the arresting officer should have known that such cause was lacking when the warrant was requested. *See Porterfield*, 156 F.3d at 568. As Plaintiff's "malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure," Plaintiff is required to demonstrate that (1) he was arrested pursuant to a warrant not supported by probable cause; and (2) that the criminal proceedings against him terminated in his favor. *See Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005). Plaintiff cannot satisfy the second element as he cannot show that the criminal proceedings against him were terminated in his favor, and at best, Plaintiff can only show some issue of fact concerning the first element. Accordingly, any malicious prosecution claim by Plaintiff must be dismissed. *See Burrell*, 395 F.3d at 514; *Nicholas v. Wal-Mart Stores, Inc.*, 33 Fed. Appx. 61, 64 (4th Cir. 2002).

## CONCLUSION

After a thorough review of the Record and the relevant case law, this Court finds that the Magistrate Judge applied sound legal principles to the facts of this case. Therefore, this Court adopts the Magistrate Judge's Report and Recommendation. Defendants' Motions for Summary Judgment are **GRANTED**. (Dkt. No. 66 and 67). Plaintiff's federal claims are **DISMISSED** with prejudice and Plaintiff's state law claims, to the extent he has any, are **DISMISSED** without prejudice for refiling in state court. Plaintiff's motion to dismiss is therefore rendered **MOOT**. (Dkt. No. 76).

AND IT IS SO ORDERED.

                                                                       Richard Mark Gergel
                                                                       United States District Court Judge

January 24, 2012
Charleston, South Carolina